IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| WILLIS CRAIG BEAUFORD, | § | |
| | § | |
| Movant, | § | |
| | § | Civil No. 4:17-CV-863-O |
| v. | § | (Criminal No. 4:14-CR-136-O (02)) |
| | § | |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Movant, Willis Craig Beauford, a federal prisoner, has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence. *See* ECF No. 1. Because Movant's Section 2255 motion is barred by the applicable statute of limitations, the Court concludes that the motion should be dismissed with prejudice. *See* Rule 4(b), RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS.

**Applicable Background**

Movant pleaded guilty to fraud in connection with access devices and was sentenced to 92 months in prison with two years of supervised release. *See* No. 4:14-cr-136-O (02), ECF No. 73. He filed a direct appeal, but it was dismissed on November 28, 2014. *See United States v. Beauford*, No. 14-11235 (5th Cir.). He did not file a petition for a writ of certiorari.

On October 18, 2017, Movant filed this Section 2255 motion. *See* ECF No. 1 at 15. He claims that: (1) the Court erred in calculating his Guideline sentence by over-representing the amount of the intended loss; and (2) his counsel failed to meaningfully challenge the Court's calculation of the intended loss. *See id.* at 6.

-1-

Because Movant's Section 2255 motion appeared untimely, the Court ordered him to show cause why his motion should not be dismissed as time-barred. *See* ECF No. 3; *accord Day v. McDonough*, 547 U.S. 198, 209-210 (2006) (holding that the district court may raise the time-bar *sua sponte*, but "before acting on its own initiative" to dismiss a time-barred habeas petition, "a court must afford the parties fair notice and an opportunity to present their positions."). He responds that the Court should equitably toll the statute of limitations and that he can overcome it on a showing of actual innocence. *See* ECF No. 4 at 1-2.

**Legal Standards**

Section 2255 proceedings are governed by a one-year statute of limitations. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996) (the "AEDPA"), *codified at* 28 U.S.C. § 2255(f). The statute provides that the limitations period shall run from the latest of –

  (1)   the date on which the judgment of conviction becomes final;

  (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

  (3)   the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (4)   the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one-year limitations period is also subject to equitable tolling in "rare and exceptional circumstances." *See, e.g.*, *United States v. Riggs,* 314 F.3d 796, 800 n.9 (5th Cir. 2002) (citing *Davis*

*v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

> "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotation marks and citation omitted). "[T]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Unfamiliarity with the legal process does not justify equitable tolling. *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).

*United States v. Kirkham*, 367 F. App'x 539, 541 (5th Cir. 2010) (per curiam).

But "a litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 755 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The United States Supreme Court recently reaffirmed "that the second prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond its control." *Id.* at 756 (emphasis in original).

The Supreme Court also has determined that AEDPA's statute of limitations can be overcome by a showing of "actual innocence." *See McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But the actual innocence gateway is only available to a petitioner who presents "'evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error.'" *Id.* at 1936 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)). That is, the new, reliable evidence must be sufficient to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual

innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted; emphasis in original)).

## Analysis

### Movant's Statute of Limitations

Here, Movant does not allege any facts that could trigger a starting date under Sections 2255(f)(2)-(4), so his limitations period began to run when his judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1). Movant's judgment of conviction became final on February 26, 2015–when the ninety-day period for filing a certiorari petition expired. *See Clay v. United States*, 537 U.S. 522, 527 (2003) (holding that "[f]inality attaches when this Court affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires"). Movant had one year from that date–or until February 26, 2016–to timely file his Section 2255 motion. But he did not file his motion until October 2017. It is untimely.

### Equitable Tolling

Movant claims that the Court should equitably toll the statute of limitations. He argues that, after the Court entered his judgment, he was sent to a Texas prison–to serve a state sentence–that "did not allow state inmates access to federal statutes," and so it was difficult for him to research and file his Section 2255 motion. *See* ECF No. 4 at 1-2. He also notes that he was not entitled to court-appointed counsel. *See id.* at 2. But "neither [Movant's] *pro se* status nor his unfamiliarity with the law suffices as a basis for equitable tolling." *Madden v. Thaler*, 521 F. App'x 316, 323 (5th Cir. 2013) (per curiam); *see also Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000) (holding that

ignorance of the law, a lack of knowledge of filing deadlines, a prisoner's *pro se* status, and a lack of legal training do not support equitable tolling of AEDPA's statute of limitations). Movant has presented no other argument that he diligently pursued his rights or that an extraordinary circumstance prevented him from timely filing his Section 2255 motion, and so he has not carried his burden to warrant equitable tolling.

**Actual Innocence**

Movant also claims that he can overcome the statute of limitations because he has a credible claim of actual innocence. Specifically, he argues that he is actually innocent of the intended-loss enhancement that the Court applied when it calculated his sentence under the United States Sentencing Guidelines. *See* ECF No. 4 at 2. But Movant's argument–that the Court over-represented the amount of intended-loss–is, at most, one of "legal insufficiency," not "factual innocence." *Cf. Bousley v. United States*, 523 U.S. 614, 624 (1998) ("It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency.") In other words, Movant does not claim–or offer new, reliable evidence to show–that he was actually innocent of fraud in connection with access devices. So he cannot pass his Section 2255 claims through the narrow gateway of actual innocence to overcome the time-bar. *Cf. McQuiggin*, 133 S. Ct. at 1928 (holding that the actual innocence gateway to federal habeas review requires the petitioner to "persuade[] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.") (internal citation omitted).

**Evidentiary Hearing**

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

In this instance, the matters reviewed by the Court conclusively show that Movant is entitled to no relief.

### Certificate of Appealability

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. Movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event that Movant elects to file a notice of appeal, the Court notes that he will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis*.

### Conclusion

This Section 2255 action is **DISMISSED** with prejudice as time-barred.

**SO ORDERED** this **15th day** of **December, 2017**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE